```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**United States of America**     :
                                 :
**v.**                           :     **Case No. 3:07cr2 (JBA)**
                                 :
**Bruce J. Corrigan, Jr.**       :

**RULING ON DEFENDANT'S MOTION TO STAY PENDING APPEAL [Doc. # 29]**

On January 4, 2007 defendant Bruce J. Corrigan, Jr. waived indictment and pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and was released on a $10,000 non-surety bond. Defendant was subsequently sentenced on June 27, 2007 to, inter alia, 8 months' imprisonment (see Judgment [Doc. # 28]). He now moves pursuant to 18 U.S.C. § 3143(b) to stay execution of his term of imprisonment pending appeal of his sentence to the Second Circuit Court of Appeals, contending that he poses no danger to the public nor poses flight risk, and that his appeal is not taken for the purpose of delay and raises a substantial question of law or fact. See Mot. to Stay [Doc. # 30].

    18 U.S.C. § 3143(b) provides:

    Release or detention pending appeal by the defendant.--
    (1) Except as provided in paragraph (2), the judicial
    officer shall order that a person who has been found
    guilty of an offense and sentenced to a term of
    imprisonment, and who has filed an appeal or a petition
    for a writ of certiorari, be detained, unless the
    judicial officer finds--
    (A) by clear and convincing evidence that the person is
    not likely to flee or pose a danger to the safety of
    any other person or the community if released under

```
section 3142(b) or (c) of this title; and
(B) that the appeal is not for the purpose of delay and
raises a substantial question of law or fact likely to
result in--
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of
imprisonment, or
(iv) a reduced sentence to a term of imprisonment less
than the total of the time already served plus the
expected duration of the appeal process.

If the judicial officer makes such findings, such
judicial officer shall order the release of the person
in accordance with section 3142(b) or (c) of this
title, except that in the circumstance described in
subparagraph (B)(iv) of this paragraph, the judicial
officer shall order the detention terminated at the
expiration of the likely reduced sentence.
```

The burden is thus on the defendant to demonstrate entitlement to stay pending appeal by showing: "(1) that [he] is not likely to flee or pose a danger to the safety of any other person or the community; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." United States v. Gordon, No. 03cr1115-03 (RWS), 2007 WL 162491, at *2 (S.D.N.Y. Jan. 22, 2007) (citing United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985)).

The Government does not appear to dispute, and the Court

sees no reason to find otherwise, that defendant has met his burden of showing by clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community if released." Nor does is there any indication that defendant's appeal was filed solely for purposes of delay. The Court is not persuaded, however, by defendant's showing as to the final two prongs under § 3143(b).

The defendant makes the following arguments concerning a substantial question of law or fact likely to result in reversal or a sentence that does not include a term of imprisonment: (1) the "extraordinary nature" of his contributions to his community which could have justified either a downward departure or a non-guidelines sentence, see Def. Mem. [Doc. # 30] at 3-14; (2) that it was error to find the loss to be $18,500 with a guideline range of 8-14 months' imprisonment at offense level 11, see id. at 14-15; and (3) that it was error to rely on Messrs. Fogel and Francois in determining defendant's sentence, see id. at 15-19.

Taking these arguments in turn, while the Government does not dispute that under, inter alia, United States v. Rioux, 97 F.3d 648 (2d Cir. 1996), a departure from a guidelines sentence or, post-Booker, imposition of a non-guidelines sentence, can be justified on the basis of extraordinary good works, the Court took this into account during sentencing. The Court noted that letters submitted in connection with defendant's sentencing

3

lauded his community contributions, and acknowledged its authority to grant a departure on the basis of Rioux; the Court thus took the contributions into account in imposing sentence, but found them to fall short of supporting a departure or a non-guideline sentence. As the Court considered the contributions, acknowledged its authority to depart/impose a non-guideline sentence on the basis of those contributions, and because "the denial of a defendant's request for discretionary downward departure is generally not appealable . . . [a]bsent clear evidence of a substantial risk that the judge misapprehended the scope of his [or her] departure authority," see United States v. McDaniel, 175 Fed. Appx. 456, 458 (2d Cir. 2006), which is not likely to be found in this case because the Court recognized its authority to downwardly depart on the basis of extraordinary community contributions, the Court will not grant defendant's Motion on this ground, particularly given the Supreme Court's recent holding in Rita v. United States, 127 S. Ct. 2456 (June 21, 2007), that sentences within the applicable guidelines range are presumptively reasonable.

With respect to the loss calculation, defendant argues that the economic damages from the conduct of conviction are the claimed lost wages, which amount to at most $4,550, not the intended loss determined by the Court to equal $18,500. However, as the Court found at sentencing, under U.S.S.G. § 2B1.1, which

4

was applicable to defendant by nature of his crime (fraud), loss was to be calculated as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1, Appl. N. 3(A); accord United States v. Canova, 485 F.3d 674, 678, 680 (2d Cir. 2007) (reiterating that "intended loss" may be the relevant guiding factor in determining the appropriate loss enhancement in a medicare fraud case); United States v. Canova, 412 F.3d 331, 354 (2d Cir. 2005) (intended loss that a defendant was intending to inflict should be used for guidelines purposes if it can be determined and if it is greater than the actual loss); United States v. Carboni, 204 F.3d 39, 47 (2d Cir. 2000) ("'Intended loss' is tantamount to the probable loss from a particular misstatement 'because one is presumed to intend the natural and probable consequences of one's acts.'") (quoting United States v. Jacobs, 117 F.3d 82, 95 (2d Cir. 1997).[1] Defendant's Motion does not demonstrate a likelihood of a different outcome of this determination, and concomitant total offense level in any re-sentencing, on appeal.[2]

---

[1] Additionally, as the Court also acknowledged at sentencing, and as U.S.S.G. § 2B1.1, Appl. N. 3(A)(ii)(II) makes clear, "intended loss" "includes intended pecuniary harm that would have been impossible or unlikely to occur (e.g., as in a government sting operation or an insurance fraud in which the claim exceeded the insured value)," such as in this case. See also United States v. Klisser, 190 F.3d 34, 36 (2d Cir. 1999) (invoking intended loss for defendant's guidelines calculation where defendant was caught in government "sting" operation).

[2] Additionally, as the Government observes, even if the sentence were vacated on this basis and the Court were to instead use the $6,000 alternative loss calculation urged by defendant

Lastly, defendant contends that the Court improperly "used and was clearly influenced by an FBI 302 Report of Dr. Richard Fogel," Def. Mem. at 15, and "was obviously influenced by an FBI interview of Jean Francois," id. at 16, "in coming to the conclusion, . . . based on conjecture and speculation, that although this was only one incident (and there is no evidence of any other incident) the Court clearly believed there were other incidents in which Mr. Corrigan must have broken the law," id. at 16-17. At sentencing, to rebut defendant's intimation that the offense of conviction was a unique occurrence precipitated by the sting operation, the Government played the tape recordings of defendant's conversations with the undercover client in which they discussed the fraudulent claims activity underlying the offense of conviction. The Court remarked that the tone of the defendant's voice on the recordings reflected that engagement in, and encouragement of, such fraudulent activity was "routine" for the defendant, and observed that this observation was corroborated by statements of Mr. Francois in his allocution and by the FBI Fogel interview report whose contents were referenced in the Pre-Sentence Report. Nonetheless, the Court sentenced the defendant for just the offense of conviction, at the bottom of

---

(as noted supra, he also seeks a $4,550 loss calculation on different grounds), such a calculation would still yield an offense level of 9, with a Guidelines range of 4-10 months' imprisonment.

the applicable guideline range, and defendant has thus not demonstrated any likelihood that his appeal on this basis would result in a sentencing of no, or even less, prison time.[3]

Accordingly, because defendant has not met his burden of demonstrating, pursuant to 18 U.S.C. § 1343(b), that his appeal is likely to result in a determination that the urged downward departure for extraordinary community contributions should have been granted, where defendant has provided no authority supporting his loss argument, and the applicable sentencing guideline range thus having been determined and defendant having been sentenced at the bottom of that range, which sentence is presumptively reasonable, see Rita, supra, defendant's Motion for Stay [Doc. # 29] is DENIED.

                                      IT IS SO ORDERED.

                                      /s/
                                  Janet Bond Arterton
                                  United States District Judge

**Dated at New Haven, Connecticut this 3rd day of August, 2007.**

---

[3] Moreover, "[t]he sentencing court's discretion is largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." United States v. Li, 115 F.3d 125, 135 (2d Cir. 1997) (internal quotation omitted); accord United States v. Carmona, 873 F.2d 569, 574 (2d Cir. 1989) ("It is not a denial of due process for the trial judge, in determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross examine).